Defendant-Appellant, James A. Stefanski, appeals a judgment of the Common Pleas Court of Marion County, entered pursuant to a jury verdict of guilty on one count of Kidnapping, a violation of R.C. 2905.01(A)(4), and one count of Aggravated Burglary, a violation of R.C. 2911.11 (A)(1).
The evidence adduced at trial demonstrates that Appellant and his sister-in-law, Denise Stefanski, became involved in an intimate relationship about July, 1997. Appellant began residing with Denise in August, 1997 and the two lived together until February, 1998 when Denise asked Appellant to move out. Nonetheless, Denise continued to see Appellant after he moved out and she testified that the couple engaged in sexual relations at least once a week.
During that time, the evidence reveals that the relationship was tumultuous; the couple would frequently argue and break-up for short periods of time. On May 5, 1998, Denise testified that while the two were working at Golden Valley Microwave Foods, she informed Appellant that she wanted to break off the relationship completely. Denise testified that she made it clear that the relationship was over, however, she agreed to give Appellant a ride home from work that morning once their shift ended. Appellant first went over to Denise's house to retrieve his laundry, the two had a drink together and Appellant left without incident.
Thereafter, Denise testified that she washed up, changed clothes and went to visit Eric Fulton, a co-worker and male friend, at his home. She stated that as she and Fulton were watching television in his bedroom, Appellant arrived at the house, banged on the window and started shouting obscenities from the front porch. Denise stated that she quickly left Fulton's house at that point and went back to her own residence.
Denise testified that she called a girlfriend in Bucyrus as soon as she arrived home. While she was on the phone, Denise stated that Appellant walked into the house without knocking. She hung up the phone and told Appellant to get out, but Appellant refused to leave. Denise testified that Appellant grabbed her, held her down by sitting on her stomach and told her he was going to have sex with her one last time. She stated that she resisted and told him "no." Denise then stated that Appellant dragged her into the bedroom and forced her to lie face down on the bed. After a struggle, Denise testified that Appellant turned her over, unzipped her pants, tore her panties off and had sex with her vaginally.
Denise then testified that Appellant grabbed her, brought her into the bathroom and forced her to take a bath. The victim stated that Appellant brought her back to the bedroom because he intended to have sex with her once more. Denise testified that again, Appellant forced her to lie face down on the bed. However, as he pushed her down, the wooden slats on the bed frame broke and the bed collapsed. At that point, Denise stated that she was able to flip the mattress up toward Appellant's face and kick out the bedroom window to yell for help. She stated that in the confusion, she managed to reach her cell phone and dialed 9-1-1. Appellant gathered his clothes and left the house as Denise was on the phone.
After an investigation by the Marion Police Department, Appellant was arrested on May 20, 1998. He was indicted by the Marion County Grand Jury on June 4, 1998 for rape, sexual battery, kidnapping, aggravated burglary and having weapons under disability.[1] On June 9th, Appellant entered not guilty pleas to all charges. A jury trial was scheduled to commence on August 20, 1998. On the morning of trial, Appellant withdrew his prior plea and pled guilty to the weapons under disability charge; the remaining charges were tried to the jury.
After hearing all of the evidence, the jury returned not guilty verdicts on the rape and sexual battery charges, but found Appellant guilty of kidnapping and aggravated burglary. The trial court subsequently sentenced Appellant to one year on the weapons charge, seven years on the kidnapping charge and seven years on the aggravated burglary charge; the sentences were ordered to run concurrent for a total of seven years. Thereafter, Appellant filed the instant appeal wherein he asserts three assignments of error for our review.
Assignment of Error I
 The court erred to Defendant's prejudice by permitting an unqualified police detective to testify as an expert.
Appellant argues that the trial court erred by allowing Detective Electa Foster to testify that rape victims often have difficulty relating information about sexual assaults and that victims have an easier time opening up to female officers. The testimony was obtained from Detective Foster in response to evidence that Denise Stefanski did not inform the officers who arrived on the scene in response to the 9-1-1 call that she had been raped. The information about the alleged sexual assault was not provided to the authorities until May 6, 1998, the day after the incident occurred. Defense counsel objected to Detective Foster's testimony several times challenging her qualification to testify as an expert on rape victims. The State argues that the witness was properly qualified as an expert, or, in the alternative, that the testimony was proper as a lay opinion because it was based on Detective Foster's experiences as a police officer.
We find it unnecessary to reach the issues of whether Detective Foster was properly qualified as an expert or whether she could have testified to such things as a lay person under the Ohio Rules of Evidence because Appellant cannot demonstrate prejudice. Even if we were to assume that Detective Foster's testimony was erroneous, we cannot conclude that it prejudiced Appellant in any way since he was acquitted on the rape and sexual battery charges. The witness' testimony clearly had no adverse impact on the jury.
Appellant's first assignment of error is overruled.
Assignment of Error II
 A guilty verdict on the kidnapping count * * * is inconsistent with the not guilty verdicts on Counts I [rape] and II [sexual battery], and therefore it must fail.
We note that Appellant fails to cite to any authority that would support his second assignment of error. The issue of inconsistent verdicts in the context of a criminal trial has been visited several times and the law is well settled. "Inconsistent verdicts on different counts of a multi-count indictment do not justify overturning a verdict of guilt."State v. Hicks (1989), 43 Ohio St.3d 72, 78. See, also, UnitedStates v. Powell (1984), 469 U.S. 57, 68; State v. Adams
(1978), 53 Ohio St.2d 223, 228, vacated on other grounds (1978), 439 U.S. 811.
Furthermore, we note that the verdicts in this case are not necessarily inconsistent. In order to prove the crimes of rape and sexual battery, the State had to prove beyond a reasonable doubt that Appellant, among other things, engaged in sexual conduct with Denise Stefanski through force, threat of force and/or coercion. Sexual conduct is defined in R.C. 2907.01(A) as "vaginal intercourse between a male and a female * * *."
On the other hand, in order to prove the crime of kidnapping, as set forth in R.C. 2905.01(A)(4), the prosecution had to prove that Appellant restrained the victim's liberty for thepurpose of engaging in sexual activity against the victim's will. Sexual activity, as defined in R.C. 2907.01(C), includes sexual conduct.
Based upon the foregoing, it is reasonable that the jury could have found that Appellant restrained Denise Stefanski's liberty with the intent to have sexual intercourse with her against her will. However, the jury could have also found that the actual sexual conduct was not the product of force, threat of force or coercion due to the evidence surrounding the nature of the couple's relationship and the actions of Denise Stefanski on the morning of the incident.
Appellant's second assignment of error is overruled.
Assignment of Error III
 The trial court erred by improperly instructing the jury on Count IV, Aggravated Burglary.
At the close of the evidence, the trial court instructed the jury on all counts contained in the indictment. The court properly provided the jury with the essential elements of aggravated burglary and the necessary definitions. We note that the majority of the charge conformed to Ohio Jury Instructions.
However, the trial court added the following paragraph to the instructions to further explain intent in the context of an aggravated burglary:
 Since a trespass may be committed either by unlawfully entering or remaining on the land or premises of another, a Defendant may be found guilty if he had the purpose to commit a criminal offense at anytime while unlawfully remaining on the premises.
Without citing to any supporting authority, Appellant argues that the addition this paragraph constitutes prejudicial error because it confused the jury. We are not persuaded. The trial court provided the jury with a correct statement of the law in this district as pronounced in State v. Fontes (Nov. 11, 1998), Union App. No. 14-97-45, unreported, and when reviewed as a whole, we cannot find that the instructions on the aggravated burglary charge confused the jury.
Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
HADLEY and SHAW, J.J., concur.
[1] The record is not clear as to how the disability charge arose; the victim's testimony does not reveal that a weapon was used on May 5, 1998.